■ JACOB GROSSMAN et al., Respondents, v 240 VENTURE ASSOCIATES et al., Defendants, and LUCILLE FISCHER, Individually and as Executrix of MALVINA FISCHER, Deceased, Appellant.—Order of the Supreme Court, New York County (William P. McCooe, J.), entered February 5, 1985, which, *inter alia,* (1) denied the motion of defendant Lucille Fischer for summary judgment dismissing plaintiffs' complaint against her; (2) denied her motion for summary judgment on her first counterclaim seeking treble damages against plaintiffs pursuant to RPAPL 853; and, (3) denied her motion for summary judgment on her second counterclaim and cross claim against defendants 240 Venture Associates and 240 West 75th Street Corporation, seeking specific performance of a subscription agreement to purchase apartment 5A in 240 West 75th Street, is unanimously modified, on the law, without costs, to grant defendant Fischer's motion for summary judgment dismissing the complaint as to her, and to grant her motion for summary judgment on her second counterclaim and cross claim for specific performance of the subscription agreement entitling her to purchase apartment 5A in the subject building and, as so modified, is otherwise affirmed.

This action was commenced by plaintiffs in November 1984. They sought specific performance of their alleged right to make insider purchases of apartments 3A, 3C and 5A at 240 West 75th Street pursuant to a cooperative conversion plan for the building which was accepted for filing by the Attorney-General earlier in 1984. Pursuant to the conversion plan, insiders were required to execute good-faith statements indicating that they would make personal use of any apartment they intended to purchase.

Defendant, Lucille Fischer, is the executrix of the estate of her mother, Malvina Fischer, who was the tenant of apartment 5A in the subject building. Prior to her mother's death, Lucille Fischer, acting as attorney-in-fact for her mother, executed a subscription agreement with defendant 240 Venture Associates, the cooperative sponsor, to purchase apartment 5A at the insider price of $73,100. The subscription agreement prohibited assignment of the right to purchase the apartment without the sponsor's written consent.

After executing the subscription agreement, Fischer entered into an assignment and assumption agreement with plaintiffs. Pursuant to this agreement, Fischer assigned her right to purchase apartment 5A to plaintiffs for $95,600. Performance

of the agreement was contingent upon Fischer being able to make the assignment, i.e., being able to obtain the sponsor's consent to the assignment as was required by the subscription agreement. In the event the assignment could not be made, the only obligation of the assignor was to refund any sums paid on account of the purchase price. The agreement also gave plaintiffs access to apartment 5A as of July 1, 1984. Plaintiffs were to reimburse Fischer for the apartment's rental until the closing date set for January 1, 1985.

Plaintiffs occupied the apartment as agreed. In November 1984, however, when consent for the assignment was not forthcoming from the sponsor, Fischer returned plaintiffs' down payment and refused to accept further rental reimbursements. Fischer then notified the sponsor that she would purchase the apartment as provided in the subscription agreement. She allegedly tried to regain access to the apartment, but was unable to, since the lock had been changed by plaintiffs.

Defendant sponsor in this action seeks a declaration as to who is entitled to purchase apartment 5A, and has refused to sell the apartment to Fischer until such a determination is made. The sponsor also refuses to give written notice of its consent or objection to the assignment of Fischer's right to purchase the apartment until a declaration is made as to who may purchase the apartment, despite the lower court's direction that such notice be given within 45 days of its decision.

Plainly, the sponsor's consent to the assignment did not initially depend on who, as between plaintiffs and Fischer, was ultimately entitled to purchase the apartment. That has become an issue precisely because the sponsor failed to give notice of its determination on the assignment one way or the other. Despite the sponsor's failure in this regard, it is evident from the sponsor's affidavit submitted to Special Term, and was apparent as early as November 1984, that the sponsor in fact objects to the assignment because plaintiffs are trying to purchase three apartments in the subject building as insiders and have made good-faith representations that they will personally use all three, a matter about which the sponsor may have good reason to be skeptical.

Given the fact that consent to the assignment was not forthcoming, defendant Fischer was well within her rights when she sought to rescind the assignment agreement. Pursuant to section 8b of the agreement, Fischer's return of the down payment was her sole obligation precedent to the agreement's cancellation once it was determined that the assign-

ment could not be made. As it was apparent that the assignment could not be made, and Fischer discharged her obligation to return the down payment, the assignment agreement was effectively canceled, leaving Fischer with the exclusive right to purchase apartment 5A as an insider according to the terms of the subscription agreement executed by her. Plaintiffs' complaint for specific performance of their right to purchase apartment 5A is, therefore, dismissed, and Fischer's counterclaim and cross claim for specific performance of the subscription agreement are granted.

The lower court's denial of Fischer's motion for summary judgment as to her first counterclaim for trebled damages pursuant to RPAPL 853 is, however, affirmed. Plaintiffs took possession of apartment 5A with Fischer's consent pursuant to the assignment agreement. The circumstances of the alleged subsequent lockout are not sufficiently well developed to determine on a motion for summary judgment if Fischer was forcibly or unlawfully kept from her apartment within the meaning of RPAPL 853. Concur—Murphy, P. J., Sandler, Ross, Asch and Ellerin, JJ.